UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT, <br><br> Plaintiff-Appellant, <br><br> and <br><br> SHASTA VIEW IRRIGATION DISTRICT; et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES BUREAU OF RECLAMATION; et al., <br><br> Defendants-Appellees, <br><br> HOOPA VALLEY TRIBE; THE KLAMATH TRIBES, <br><br> Intervenor-Defendants-Appellees. | No. 20-36009 <br><br> D.C. Nos. 1:19-cv-00451-CL <br> 1:19-cv-00531-CL <br><br> District of Oregon, Medford <br><br> ORDER |
| SHASTA VIEW IRRIGATION DISTRICT; et al., <br><br> Plaintiffs-Appellants, <br><br> and <br><br> KLAMATH IRRIGATION DISTRICT, <br><br> Plaintiff, | No. 20-36020 <br><br> D.C. Nos. 1:19-cv-00451-CL <br> 1:19-cv-00531-CL |

v.

UNITED STATES BUREAU OF RECLAMATION; et al.,

    Defendants-Appellees,

HOOPA VALLEY TRIBE; THE KLAMATH TRIBES,

    Intervenor-Defendants-Appellees.

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

    A majority of the panel has voted to deny both the petition for panel rehearing and rehearing *en banc* from Klamath Irrigation District and the petition for panel rehearing or in the alternative modification of decision from Shasta View Irrigation District, et al., in the consolidated appeals. Judge Bumatay has voted to grant Klamath Irrigation District's petition for panel rehearing.

    The full court has been advised of the petition for rehearing *en banc* and no judge has requested a vote on whether to rehear the matter *en banc*. Fed. R. App. P. 35.

    The petitions for panel rehearing and rehearing *en banc* are **DENIED**.

*Klamath Irrigation District, et al. v. U.S. Bureau of Reclamation, et al.*, Nos. 20-36009, 20-36020
BUMATAY, Circuit Judge, dissenting:

I voted for panel rehearing based on Klamath Irrigation District's belated argument that the Klamath Basin Adjudication is an *in rem* proceeding that may have resolved the Hoopa Valley Tribe's rights in the Upper Klamath Lake. I note that the District did not make this precise argument in its initial briefing to the court. In any case, if the District is correct, then it may call into question my conclusion that the McCarran Amendment was inapplicable. In my concurrence, I reasoned that because the Klamath Basin Adjudication did not determine the Hoopa Valley Tribe's water rights, this was not a McCarran Amendment administration case. If the panel had voted to re-hear this case, I would have revisited this issue.

1